UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WILBERT REESE AND MARCO ODDS,<br><br>Plaintiffs,<br><br>v.<br><br>GREAT WEST CASUALTY COMPANY, MILLER TRANSPORTATION SERVICES, INC., and LEROY CALDWELL,<br><br>Defendant. | Case No. 2:19-CV-01468-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>**RE: SECOND MOTION TO QUASH (ECF NO. 5) AND SECOND MOTION FOR PROTECTIVE ORDER (ECF NO. 6)** |

This matter came on for hearing on February 6, 2020. The Court and parties discussed issues pertaining to the underlying case pending in the U.S. District Court for the Eastern District of Louisiana, Civil Action No. 18-8350 (the "Louisiana Action"), which prompted the filings in this Court. The Court and the parties further discussed the stay issued in and the administrative closure of the Louisiana Action based on an ongoing federal, criminal investigation. This Report and Recommendation follows.

**I.    BACKGROUND**

The above captioned matter was initiated by Interested Party Medport LA, LLC and Medport Billing, LLC (collectively "Medport") on August 22, 2019, with the filing of a Motion to Quash FRCP 30(b)(6) Deposition Subpoena, to Quash or Modify the Deposition Production Requests, and for a Protective Order under FRCP 26(c) ("Medport's First Motion to Quash"). ECF No. 1. Defendants Great West Casualty Company, Miller Transportation Services, Inc. and Leroy Caldwell ("Defendants") filed a non-opposition to Medport's First Motion to Quash on September 9, 2019. ECF No. 4. On September 13, 2019, Medport filed its Second Motion to Quash FRCP 30(b)(6) Deposition Subpoena, to Quash or Modify the Deposition Production Requests, and for a Protective Order under FRCP 26(c) ("Medport's Second Motion to Quash"), docketed as ECF Nos. 5 and 6. After Defendants filed their Response (EFC No. 10), Medport filed a Reply (ECF No. 11). There

1

were also Motions to File Supplemental Replies by Defendants (ECF Nos. 12 and 13), to which non-oppositions were filed (ECF Nos. 14 and 15).  The Court entered an Order denying ECF No. 12 as moot, granting ECF No. 13, and, *inter alia*, setting a hearing date for December 5, 2019.

On December 2, 2019, the parties filed a Joint Motion to Stay Proceedings in Light of Stay of Case Issued by the U.S. District Court for the Eastern District of Louisiana.  ECF No. 19.  The Court granted the Joint Motion and ordered a status report due in 60 days.  ECF No. 20.  The Status Report was timely filed showing no change in the underlying case in Louisiana (ECF No. 21).

On February 6, 2020, the Court held a status conference to discuss the basis for the stay issued in the Louisiana Action, and the progress of the criminal investigation that prompted that stay.  The parties agreed that the federal criminal investigation could continue for quite some time resulting in the instant matter remaining stayed for an unknown duration.  The parties also discussed the "administrative closure" of the Louisiana Action.  *See* ECF No. 19, Ex. 3 at 3.  The parties then agreed that dismissal of the instant case with a preservation of rights of all parties is appropriate.

**II.    RECOMMENDATION**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. The stay entered on December 3, 2019 be lifted;

2. Medport's Second Motion to Quash (ECF No. 5) and Second Motion for Protective Order (ECF No. 6) be granted such that Medport has no present duty to respond to pending subpoenas, provided; however, that Medport shall continue to preserve all documents sought through subpoenas prompting the Second Motion to Quash;

3. The matter be closed, without prejudice, based on the ongoing stay and administrative closure of the Louisiana Action;

4. Upon the lifting of the stay on all proceedings issued by the U.S. District Court for the Eastern District of Louisiana, the parties may: (a) initiate new proceedings in this Court; (b) refile any motion pending at the time the matter is closed by adding a new caption page incorporating the previously filed motion; and (c) similarly refile any pending Responses and Replies.  In addition to

electronic service through the Court's CM/ECF system, service of documents and any <u>reissued</u> subpoenas are to occur through service on opposing counsel. Personal service of reissued subpoenas shall not be required.

DATED: February 10, 2020

                                             _____
                                             ELAYNA J. YOUCHAH
                                             UNITED STATES MAGISTRATE JUDGE

3